# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 13–cv–2956-RM-MJW

ALDO DANIEL PINEDA HERNANDEZ,

    Petitioner,

v.

ERIC HOLDER JR., *et al.*,

    Respondents.

_____

# ORDER
_____

This matter is before the Court on Petitioner Aldo Daniel Pineda Hernandez's Application for Writ of Habeas Corpus (ECF No. 1)[1] (the "Application"), as well as on his Motion to Appoint Counsel (ECF No. 22). This Court finds that Mr. Pineda Hernandez's Application, as well as his Motion to Appoint Counsel, should be denied.

The Court has reviewed Mr. Pineda Hernandez's file. The Application is mistaken both as to the statutory grounds upon which he is being held and as to his bond status. Mr. Pineda Hernandez is a native and citizen of Mexico who entered the United States without inspection. (ECF No. 21-2.) On March 6, 2013, a Colorado state court convicted Mr. Pineda Hernandez of motor vehicle theft and related charges and sentenced him to six months in jail. (*Id*. at 4.) On August 14, 2013, United States Immigration & Customs Enforcement ("ICE") took him into custody immediately upon his release from his criminal sentence, and initiated removal proceedings against him the same day. (ECF Nos. 21 at 2; 21-2 at 4; 21-4.) Also on August 14,

---

[1] References to documents and pleadings from these proceedings shall be referred to by electronic case management docketing number, as such: ECF No. __. As for documents filed with attachments, the attachments will be referenced as such: ECF No. 1-1, to signify the first attachment to Document 1.

2013, ICE granted Mr. Pineda Hernandez a $9,000 bond pursuant to 8 U.S.C. § 1226(a). (ECF No. 21-5 at 2.) He sought review of ICE's custody determination by an immigration judge, who conducted a bond hearing, and affirmed ICE's bond determination. (ECF No. 21-6 at 2.) Mr. Pineda Hernandez reserved appeal of that decision, but did not file an appeal by the deadline, and has not posted bond. (ECF No. 21-1 at 3.)

Mr. Pineda Hernandez's Application claims that he is being held in violation of law—specifically, in violation of 8 U.S.C. §1226(c) which requires, as a precondition to mandatory detention, that the alien be taken into custody immediately upon release by state authorities. He requests two forms of relief: first, an individualized bond hearing; second, a grant of status as a "national of the United States." (ECF No. 1 at 5.) As is evident from the foregoing, if Mr. Pineda Hernandez was subject to 8 U.S.C. §1226(c), the precondition was fully met. Additionally, he was granted an individualized bond hearing, and bond was set at $9,000. To this extent, the Application is denied as moot. To the extent that the Application seeks to have the Court grant Mr. Pineda Hernandez some protected status as a "national of the United States," the Application is denied for lack of jurisdiction. The Court has no authority to grant the requested status or any other status through this habeas action.

In light of this, the Court denies Mr. Pineda Hernandez's Application. He has already received the only relief available to him. As for his Motion to Appoint Counsel, again, as the relief available to him has already been granted, the Court will also deny this motion as moot. Accordingly:

1. IT IS ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Aldo Daniel Pineda Hernandez is DENIED and this action is DISMISSED.

2. It is FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 22) is DENIED.

DATED this 19th day of February, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge